RP

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard Paul Norris,                          )    No. CV-05-1590-PHX-DGC (LOA)
                                              )
              Plaintiff,                      )    **ORDER**
                                              )
vs.                                           )
                                              )
Captain, et al.,                              )
                                              )
              Defendants.                     )
                                              )
                                              )
_____)

        Richard Paul Norris (Plaintiff), presently confined in the Maricopa County Fourth
Avenue Jail in Phoenix, Arizona (Fourth Avenue Jail), filed with the Clerk of the Court on
May 26, 2005 a <u>pro</u> <u>se</u> "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint)
pursuant to 42 U.S.C. § 1983.[1]   Plaintiff has not paid the two hundred and fifty dollar
($250.00) filing fee, but has filed a certified "Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By
A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account
Statement" (Account Statement) with his Complaint.

---

        [1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Towers Jail
in Phoenix, Arizona (Towers Jail).

JDDL-K                                        - 1 -

1    **APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

2    Plaintiff's certified Application To Proceed and Account Statement filed with the

3    Complaint make the showing required by 28 U.S.C. § 1915(a).   Accordingly, Plaintiff's

4    Application to Proceed will be granted.

5    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee

6    of two hundred and fifty dollars ($250.00) for this action.   Based on the average monthly

7    deposits in Plaintiff's account for six (6) months immediately preceding the filing of the

8    Complaint, an initial partial filing fee of three dollars and thirty-three cents ($3.33) will be

9    assessed by this Order.  28 U.S.C. § 1915(b)(1).

10    By separate order, the Court will direct the appropriate agency to collect the initial

11    partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.

12    Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the

13    preceding month's income credited to Plaintiff's trust account.   These payments will be

14    forwarded by the appropriate agency to the Clerk of the Court each time the amount in

15    Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C.

16    § 1915(b)(2).

17    Plaintiff should take notice that if he is released before the filing fee is paid in full,

18    he must pay the remaining unpaid amount of the filing fee within one hundred and twenty

19    (120) days of the date of his release.   If Plaintiff fails to pay the remainder of the filing fee

20    within one hundred and twenty (120) days of the date of his release, the action will be

21    dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the

22    remainder of the filing fee.

23    Plaintiff also should take notice that a prisoner may not bring a civil action without

24    complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3)

25    or more occasions, an action or appeal in a federal court that was dismissed as frivolous,

26    as malicious, or for failure to state a claim upon which relief may be granted, unless the

27    prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

28

**JDDL-K**

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The Court is required to screen complaints or amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by amendment.

**COMPLAINT**

Plaintiff alleges three (3) counts in his Complaint. (Complaint at 4-6).

Named as Defendants in the Complaint are: (1) Captain #A1275, Captain, Maricopa County Sheriff's Office; (2) Fraser, Detention Officer, Maricopa County Sheriff's Office; (3) Sgt. #4, Hearing Officer Sergeant, Maricopa County Sheriff's Office; (4) Maricopa County

1   Sheriff's Office Inmate Legal Services; (5) The Arizona Republic; (6) Jim Walsh; and (7)
2   Maricopa County Sheriff's Office Transport Division. (Complaint at 1-2C).

3        Plaintiff seeks to be "responded to fairly, without threats from public officers and
4   that MCSO abide[] by the rules set forth." (Complaint at 7).

5                              **DISMISSAL OF DEFENDANTS**

6        **Maricopa County Sheriff's Office Inmate Legal Services and Transport Division**

7        The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
8   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
9   See A.R.S. § 11-441(A)(5); A.R.S. § 31-101.  A sheriff's office is simply an administrative
10  creation of the county sheriff to allow him to carry out his statutory duties, and not a
11  "person" amenable to suit pursuant to § 1983.  This applies equally to divisions of the
12  Maricopa County Sheriff's Office, such as Inmate Legal Services and the Transport
13  Division.  Therefore, Maricopa County Sheriff's Office Inmate Legal Services and Maricopa
14  County Sheriff's Office Transport Division are not proper Defendants, and will be
15  dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for
16  failure to state a claim upon which relief may be granted.

17       **The Arizona Republic and Jim Walsh**

18       To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an
19  affirmative link between the alleged injury and the conduct of an individual Defendant.
20  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976)

21       To state a claim against a state official, the civil rights complainant must allege that
22  the official personally participated in the constitutional deprivation, or that a state
23  supervisory official was aware of the widespread abuses and with deliberate indifference
24  to the inmate's constitutional rights failed to take action to prevent further misconduct.
25  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See also Monell v. New York City
26  Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318,
27  1320 (11th Cir. 1988).

28

JDDL-K                                    - 4 -

1    There is no liability under 42 U.S.C. § 1983 based on a theory of <u>respondeat</u>

2    <u>superior</u>, and therefore, a defendant's position as the supervisor of persons who allegedly

3    violated a plaintiff's constitutional rights does not impose liability. <u>Monell</u>, 436 U.S. at 691;

4    <u>West v. Atkins</u>, 487 U.S. 42, 54 n.12 (1988); <u>Ybarra v. Reno Thunderbird Mobile Home</u>

5    <u>Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

6    Although Plaintiff names The Arizona Republic and Jim Walsh as Defendants, he

7    has not made any allegations against either of them individually in the body of the

8    Complaint. Plaintiff does not allege that they personally participated in the deprivation of

9    Plaintiff's constitutional rights, nor does he allege that they were aware of widespread

10   abuses and failed to act. Accordingly, Defendants The Arizona Republic and Jim Walsh

11   are not proper Defendants and will be dismissed from this action pursuant to 28 U.S.C. §§

12   1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be

13   granted.

14                          **FAILURE TO STATE A CLAIM**

15   **Count I**

16   In Count I of the Complaint, Plaintiff claims that the Maricopa County Sheriff's

17   Office denied him access to the courts and is causing delays that have hindered his

18   preparations for trial. (Complaint at 1). Plaintiff alleges that he has argued through the

19   grievance process that Maricopa County Inmate Legal Services is denying him a "Law

20   Clerk, access to a Physical Law Library in lieu of a Paralegal." <u>Id.</u> Plaintiff further alleges

21   that after several grievances, Defendant Captain #A1275 "stopped" him "from completing

22   the grievance process." <u>Id.</u>

23   A prisoner alleging denial of access to the courts must show "actual injury," and

24   demonstrate that he was hindered in his efforts to "pursue a legal claim." <u>Lewis v. Casey</u>,

25   518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to

26   contemplated or existing litigation, such as the inability to meet a filing deadline or to

27   present a claim." <u>Id.</u> at 348. To show actual injury with respect to contemplated litigation,

28

JDDL-K                                    - 5 -

the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53. That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement. Id. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original). Also, the constitutional right of access applies only during "the pleading stage of a habeas or civil rights action." Coronet v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

To the extent that Plaintiff may be attempting to present an access to the courts claim with regard to his criminal trial, the Court notes that a prisoner who is represented by counsel "has no constitutional right of access to legal materials." United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990). The state has the option of deciding whether to provide legal assistance or access to a law library. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). "Availability of legal assistance at government expense . . . is a constitutionally permissible means of access." United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), cert. denied, 464 U.S. 867 (1983). When an inmate is provided adequate access, he may not reject the method of access provided and insist on a method of access of his or her choosing. Id. Accord Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.) (no denial of meaningful access to courts where jail did not provide access to a law library to inmate who was represented by counsel), cert. denied, 488 U.S. 863 (1988).

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3rd Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Plaintiff's claim in Count I is both conclusory and vague. Plaintiff does not allege

that he has suffered any actual injury by being prevented from bringing a non-frivolous legal claim before a court as required. Instead, Plaintiff appears to be alleging only that he was hindered in his preparations for trial. Moreover, with regard to his allegations against Defendant Captain #A1275, Plaintiff does not explain how or why Defendant Captain #A1275 stopped him from completing the grievance process, or how the failure to complete the grievance process denied him access to the courts. Accordingly, Count I of the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Count II**

In Count II of the Complaint, Plaintiff claims that he was denied "mail/books" in accordance with Maricopa County Sheriff's Office policy. (Complaint at 5). Plaintiff alleges that Defendant Fraser "denied mail-ordered book through Amazon.com" and "prevented" his "legal book from being accepted." Id.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct of the Defendants deprived him of a federal constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). However, Plaintiff makes no reference whatsoever to a federal constitutional right in Count II. Accordingly, Count II of the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

In so doing, the Court notes that in general prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In Count II Plaintiff alleges that he was denied "mail/books" in accordance with Maricopa County Sheriff's Office policy, but he does not identify the policy, explain how

1  his "mail/books" were in violation of that policy, or show how the policy is not reasonably

2  related to legitimate penological interests.

3  **Count III**

4  In Count III of the Complaint, Plaintiff claims that his rights to freedom of speech,

5  the use of the Maricopa County Sheriff's Office grievance process, and due process were

6  violated. (Complaint at 6). Plaintiff alleges that Defendant Sergeant #4 threatened him by

7  stating that Plaintiff would be banned from the Maricopa County Sheriff's Office grievance

8  process and that any lawsuit that he might file against the Maricopa County Sheriff's Office

9  "would not matter," and that Defendant Sergeant #4 "ref[]er[r]ed" to Plaintiff as treating

10 another officer of Maricopa County Sheriff's Office as a "slave." Id. Plaintiff further

11 alleges that this "verbally abusive confrontation" was "initiated by the filing of

12 grievances." Id.

13 "'Verbal harassment or abuse . . . is not sufficient to state a constitutional

14 deprivation under 42 U.S.C. § 1983.'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

15 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)). Accordingly, Count III of

16 the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

17 and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

18 **DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND**

19 Because Plaintiff has failed to state a valid constitutional claim, the Complaint will

20 be dismissed without prejudice. However, in keeping with "the rule favoring liberality in

21 amendments to pleadings," the Court will exercise its discretion and allow Plaintiff to file

22 an amended complaint, if he so desires, to show what constitutional rights he has been

23 deprived of, and how the conduct of proper defendants deprived him of said rights. Noll

24 v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

25 Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety

26 on the current, Court-approved form included with this Order and may not incorporate any

27 part of the original Complaint by reference. If Plaintiff cannot fit all of his supporting facts

28

in favor of a particular count on the Court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular count on the Court-approved form, and be numbered appropriately. Plaintiff may only address one (1) issue in each count.

If Plaintiff chooses to file an amended complaint, he should take notice that an amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King, 814 F.2d at 567.

### MOTION FOR THE APPOINTMENT OF COUNSEL

On August 5, 2005, Plaintiff filed a "Motion For The Appointment Of Counsel" (Document #3) (Motion). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not presently appear that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's Motion will be denied.

### WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order,

JDDL-K

- 9 -

this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED:**

(1)  That Plaintiff's  "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

(2)  That Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred and fifty dollars ($250.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of three dollars and thirty-three cents ($3.33).   All fees shall be collected and paid in accordance with this Court's Order to the Maricopa County Sheriff filed concurrently herewith;

(3)  That Plaintiff's "Motion For The Appointment Of Counsel" (Document #3) is DENIED;

(4)  That Defendants Maricopa County Sheriff's Office Inmate Legal Services, The Arizona Republic, Jim Walsh, and Maricopa County Sheriff's Office Transport Division are DISMISSED from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4)  That Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file an amended complaint in order to state specific allegations of deprivation of constitutional rights against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his amended complaint, to state what injury he

has suffered as a result of the activities of the defendant(s), and to show how, prior to filing this action, he exhausted his administrative remedies as to each of his claims for relief. The amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order, may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature. If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff. Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(5)   That the Clerk of the Court is DIRECTED to enter a judgment of dismissal with prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days from the filing date of this Order. Upon entry of judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(6)   That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 5.4, Local Rules of Civil Procedure (LRCiv). **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(7)   That at all times during the pendency of the instant action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for

1    failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

2          (8)  That the Clerk of the Court is DIRECTED to provide Plaintiff with a current,

3    Court-approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

4          DATED this 27th day of December, 2005.

5

6

7

8

9                                              David G. Campbell
                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions:</u> | **OR** | <u>Tucson Division:</u> |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of___(month)___, (year) , to:
Name:  _____
Address:_____
        Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

3

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)    Plaintiff, )

vs.    )    **CASE NO.** _____
    )    (To be supplied by the Clerk)

_____, )
_____, )
_____, )    **CIVIL RIGHTS COMPLAINT**
_____, )    **BY A PRISONER**
_____, )
(Full Name of Each Defendant)    Defendant(s). )    ☐ Original Complaint
    )    ☐ First Amended Complaint
_____ )    ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other: (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

Revised 2/7/05    1    **550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="margin-left:2em">(Position and Title)</span>                                    (Institution)

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

b. Court:  (If federal court, identify the district; if state court, identify the county.)  _____
   _____ .
c. Case or docket number:  _____ .
d. Claims raised:  _____
   _____
   _____
e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
   _____ .
f. Approximate date lawsuit was filed:  _____ .
g. Approximate date of disposition:  _____ .

4. Second prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff:  _____ .
      Defendants:  _____
      _____ .
   b. Court:  (If federal court, identify the district; if state court, identify the county.)  _____
      _____ .
   c. Case or docket number:  _____ .
   d. Claims raised:  _____
      _____
      _____ .
   e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
      _____ .
   f. Approximate date lawsuit was filed:  _____ .
   g. Approximate date of disposition:  _____ .

5. Third prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff:  _____ .
      Defendants:  _____
      _____ .
   b. Court:  (If federal court, identify the district; if state court, identify the county.)  _____
      _____ .
   c. Case or docket number:  _____ .
   d. Claims raised:  _____
      _____
      _____ .
   e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
      _____ .
   f. Approximate date lawsuit was filed:  _____ .
   g. Approximate date of disposition:  _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):   _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
                                   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
                                   ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?          ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)         ☐ Mail              ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion       ☐ Retaliation
      ☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                    ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count II?       ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

**COUNT III**

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail              ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                              ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?            ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      DATE                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.